IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RELAUN V. DEADMON, | 1:06-CV-00874-AWI-DLB-P |
| Plaintiff, | |
| vs. | |
| CALIPATRIA STATE PRISON, et al., | |
| Defendants. | ORDER TRANSFERRING CASE |

Plaintiff, a state prisoner proceeding pro se, filed an action at the United States District Court for the Northern District of California on May 10, 2006. On June 15, 2006, the Northern District transferred the action to the Eastern District of California, on the grounds that "[A]ll of the parties are located at Calipatria, and the claims arise out of actions taken at Calipatria, which is located in Imperial County, within the venue of the Eastern District of California."[1] However, Imperial County is not within the venue of the Eastern District of California; in fact, Imperial County is within the venue of the Southern District of California. For these reasons, this action shall be promptly transferred to the Southern District of California.

The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants

---

[1] See page 2, lines 2-4 of the Order of Transfer issued on June 15, 2006, by the Northern District of California in this action, case number C-06-3140-MJJ(PR).

1

1 reside in the same state, (2) a judicial district in which a substantial part of the events or omissions
2 giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is
3 situated, or (3) a judicial district in which any defendant may be found, if there is no district in which
4 the action may otherwise be brought." 28 U.S.C. § 1391(b).

5     In this case, none of the defendants reside in this district. The claim arose in Imperial County,
6 which is in the Southern District of California. Therefore, plaintiff's claim should have been filed in
7 the United States District Court for the Southern District of California. In the interest of justice, a
8 federal court may transfer a complaint filed in the wrong district to the correct district. See 28 U.S.C.
9 § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

10     Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States
11 District Court for the Southern District of California.

12     IT IS SO ORDERED.

13     Dated:    August 14, 2006               /s/ Dennis L. Beck
3c0hj8                                           UNITED STATES MAGISTRATE JUDGE